UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK HUIE, | CV F 04-6363 AWI WMW HC |
| Petitioner, | |
| | FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JEANNE S. WOODFORD, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. Section 636(b)(1)(B) and Local Rule 72-302.

Petitioner was convicted in San Francisco County Superior Court of first degree murder and attempted robbery. The court sentenced Petitioner to serve a term of life in prison.

**LEGAL STANDARD**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with

respect to a state prisoner's claim that was adjudicated on the merits in state court. <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus relief will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); <u>Lockyer v. Andrade</u>, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in <u>Van Tran v. Lindsey</u>, 212 F.3d 1143 (9th Cir. 2000)); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." <u>Lockyer</u>, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." <u>Id.</u> (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887 (1983); <u>Harris v. Nelson</u>, 394 U.S. 286, 290 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction.  <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 633 (1993). On a petition for writ of habeas corpus, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765 (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99 (1995); <u>Langford v. Day</u>, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Petitioner brings this petition for writ of habeas corpus for alleged due process violations in his prison disciplinary hearing for attempted escape.  The disciplinary hearing at issue was held on July 26, 2001.  Two previous disciplinary hearings were held on the matter on October 31, 2000, and April 30, 2001.  Both of these hearings were ordered reheard, based on due process violations found by Respondent.  Petitioner contends that the third and last disciplinary hearing was simply a rehash of evidence previously found improper.  Petitioner claims that evidence admitted in prior

proceedings should not have been admitted in the third proceeding.   Petitioner has exhausted this claim in the state courts.

Under the Fourteenth Amendment, no state shall deprive any person of life, liberty, or property without due process of law.  Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

A prisoner in a prison disciplinary hearing is not entitled to the full array of due process rights that a defendant possesses in a criminal prosecution. Id. at 556.  However, a prisoner who is accused of serious rules violations and who may be deprived of his or her good-time credits is entitled to certain minimum procedural protections.  Id. at 571-71 n. 9.

The process due in such a prison disciplinary hearing includes: (1) written notification of the charges; (2) at least a brief period of time after the notice to prepare for the hearing; (3) a written statement by the fact-finders as to the evidence relied on and reasons for the disciplinary action; (4) the inmate facing the charges should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.  Id. at 564, 566, 570.

In addition, a decision to revoke an inmate's good-time credit does not comport with minimum procedural due process requirements unless its underlying findings are supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 454 (1985).  In reviewing a decision for "some evidence," courts "are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." Id. at 455-56.  The Ninth Circuit has further held that there must be "some indicia of reliability of the information that forms the basis for prison disciplinary actions." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) (uncorroborated hearsay statement of confidential informant with no firsthand knowledge is not enough evidence to meet Hill standard.)

The court must agree with Respondent that Petitioner was afforded all required due process

during the disciplinary proceeding of July 26, 2001.  It is undisputed that he was served with a copy of the rules violation report on or before July 18, 2001.  As Respondent notes, Petitioner was found capable of participating in the hearing as he was not a recipient of mental health services, he spoke English, and the issues were not complex.

Petitioner contends that his due process rights were violated because evidence found to have been improperly admitted at the first two hearings was again admitted at the third hearing.  This contention is without merit because the deficiencies in the two previous hearings were corrected in the third hearing.  Specifically, although the failure to properly document the use of confidential informant statements in the October 31, 2000, and April 30, 2001 hearings rendered those proceedings invalid, the statements were properly documented for the July 2001 hearing.  Petitioner ignores the fact that the July 2001 hearing was conducted as a discrete and independent proceeding, with Petitioner permitted to enter a new plea, request new witnesses, and reevaluate whether he wanted to request an investigative employee.  Further, any claim that the confidential informant or reporting officer lied in their statements fails to state a constitutional claim, so long as the required procedural due process was provided.  See Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir.1984)("an allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in Wolff v. McDonnell are provided").

Finally, the finding of the hearing officer comported with due process because it was supported by "some evidence," as required under Superintendent v. Hill.  This evidence, as noted by Senior Hearing Officer Soto, included Petitioner's admissions to the reporting employee shortly after the offense containing detailed statements on the means used in attempting the escape.  It also included the fact that those details were corroborated by the physical evidence and also negated the allegation that another inmate committed the offense.

The court must conclude that the July 2001 hearing provided Petitioner with notice of the charges, an opportunity to be heard, and an opportunity to present witnesses, and was also supported by some evidence.  Thus, there was no deprivation of due process.  Petitioner thus has not carried his burden under the AEDPA of showing that the state courts' adjudication of the claim "resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d)

Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED and that judgment be entered for Respondent.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)©.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    September 1, 2006              /s/  William M. Wunderlich**
mmkd34                                    UNITED STATES MAGISTRATE JUDGE